**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.**

**MAXIMALLIAN G. KENNY,**

**Defendant.**

**8:14CR413**

**MEMORANDUM AND ORDER**

This matter is before the Court on the Findings and Recommendation (Filing No. 28), issued by Magistrate Judge F.A. Gossett recommending that the Motion to Suppress Physical Evidence and Statements (Filing No. 22) filed by the Defendant, Danny Maximallian G. Kenny ("Defendant"), be denied. Defendant filed an Objection to the Findings and Recommendation and a brief in support (Filing Nos. 31 and 32) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a). The Government did not respond to the Defendant's Objection. For the reasons set forth below, the Findings and Recommendation will be adopted in their entirety, and the Motion to Suppress will be denied.

## BACKGROUND

Defendant is charged with being an unlawful user or person who is addicted to any controlled substance in possession of one or more firearms, in violation of 18 U.S.C. § 922(g)(3). (Indictment, Filing No. 1.) The Defendant moves to suppress physical evidence seized from his home during a search and seizure that occurred on or about October 14, 2013, as well as any statements made by the Defendant thereafter. Relevant to Defendant's Objection, he argues that the trash pull supporting the warrant

was not corroborated by additional evidence, and the *Leon* good faith exception did not apply.

At the evidentiary hearing, the Government introduced the affidavit supporting the search warrant for Defendant's home. (Affidavit and Application For Issuance of Search Warrant (the "Affidavit"), Govt's Ex. 1.) The Affidavit stated that an intelligence database revealed that Defendant resided at 5815 Arbor Street in Omaha, Douglas County, Nebraska. (Affidavit at 2.) The Affidavit further stated: "On October 8th, 2013, your affiant conducted a trash pull at 5815 Arbor. The search located a green plant material consistent with marijuana buds, stems, seeds, which field tested positive for marijuana." (Affidavit at 2.) Law enforcement stated in the Affidavit that it conducted a criminal records check on the individuals involved, including the Defendant:

> Your Affiant conducted a records check of Samuel Kenny and located a past history for possession with intent to deliver marijuana, a records check of Nicholas Kenny, Maximallian Kenny, and Alicia Wolford locating a past drug history for possession of marijuana.
>
> Your Affiant believes the confidential human sources information, the past drug possession history of all individuals involved, . . . along with the portion of a vacuum sealed bag located in the garbage supports the use and possible storage and production of marijuana and hashish at 5815 Arbor Street.

(Affidavit at 3.)

Judge Gossett concluded that based on Eighth Circuit case law and the totality of the circumstances, the four corners of the Affidavit established probable cause for a warrant to issue. Judge Gossett noted that under Eighth Circuit precedent, the trash pull alone was sufficient to establish probable cause. Judge Gossett also concluded that

even if the four corners of the Affidavit did not support probable cause, the *Leon* good faith exception would apply. Defendant objects to Judge Gossett's conclusions.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendants have objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendation. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

**DISCUSSION**

**I. Probable Cause**

The Court concludes the Affidavit was supported by probable cause because the trash pull revealed drug material and the findings were corroborated by a criminal records check. Before a search warrant may be issued, the Fourth Amendment requires a showing of probable cause. *United States v. Williams*, 477 F.3d 554, 557 (8th Cir. 2007). "Probable cause" is a "fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). In determining whether probable cause exists, a court must look at the totality of the circumstances. *See id.* at 230, 234. This determination is to be "based upon a common-sense reading of the entire affidavit," *United States v. Seidel*, 677 F.3d 334, 338 (8th Cir. 2012) (quoting *United States v. Sumpter*, 669 F.2d 1215, 1218 (8th Cir.1982)), and any "reasonable inferences" drawn from the affidavit. *United States v. Wallace*, 550 F.3d 729, 732 (8th Cir. 2008). The assessment of probable cause is made "from the viewpoint of a reasonably prudent police officer acting in the

circumstances of the . . . case." *Seidel*, 677 F.3d at 337 (citing *United States v. Reinholz*, 245 F.3d 765, 776 (8th Cir. 2001)).

The Eighth Circuit has concluded that "items found in a trash pull, standing alone, may be sufficient to establish probable cause." *United States v. Thurmond*, 782 F.3d 1042, 1044 (8th Cir. 2015) (citing *United States v. Briscoe*, 317 F.3d 906, 908 (8th Cir. 2003)). The Eighth Circuit has recognized that "our court appears close to a blanket exception holding that trash pulls, standing alone, provide probable cause for the issuance of a search warrant in all cases." *United States v. Timley,* 443 F.3d 615, 624 (8th Cir. 2006); see also *Briscoe*, 317 F.3d at 908 ("The question in this case is whether the marijuana seeds and stems in Briscoe's garbage were sufficient *stand-alone* evidence to establish probable cause. We hold that they were."). In *Briscoe*, for example, the court reasoned that the trash pull alone was sufficient because "not only does the presence of discarded marijuana stems and seeds reasonably suggest that ongoing marijuana consumption or trafficking is occurring within the premises, but the simple possession of marijuana seeds is itself a crime under both federal and state law." *Briscoe*, 317 F.3d at 908.

The Affidavit in this case stated that, similar to the trash pull in *Briscoe*, law enforcement found plant material consistent with marijuana buds, stems, and seeds, all of which field tested positive for marijuana. The Defendant argues that this finding is insufficient on its own because it did not specify the amount of marijuana found in the trash. However, the Eighth Circuit recently held that quality and quantity are not determinative to a finding of probable cause. *Thurmond*, 782 F.3d at 1045. The Eighth Circuit in Thurmond recognized that each analysis of probable cause requires some line

drawing based on the totality of the circumstances. *Id*. In *Thurmond*, the court concluded that case fell on the side supporting probable cause based on the presence of marijuana found in a trash pull and the defendant's criminal history. *Id*.

The totality of the circumstances in this case likewise supports a finding of probable cause. In addition to finding plant material that field tested as marijuana, officers performed a criminal background check and noted that all individuals mentioned, including Defendant, had a past history of drug possession. Defendant argues that the Affidavit is ambiguous as to which of the individuals identified had a history of past drug possession. However, the Affidavit clarifies that "all of the individuals involved" had prior drug possession history. (Affidavit at 3.) Accordingly, under the totality of the circumstances, Judge Gossett's finding of probable cause was not erroneous.

**II. Good Faith Exception**

Even if the Affidavit was not supported by probable cause, law enforcement relied on the validity of the warrant in good faith. If probable cause is lacking, an exception to the exclusionary rule applies where officers rely on the warrant in good faith. *United States v. Hessman,* 369 F.3d 1016, 1019 (8th Cir. 2004). In *United States v. Leon,* 468 U.S. 897 (1984), the Supreme Court sharply curtailed the use of the exclusionary rule as a remedy for unconstitutional searches, and noted that the stated purpose of the exclusionary rule is "to deter police misconduct rather than to punish the errors of judges and magistrates." *Id*. at 916. "In the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have

harbored an objectively reasonable belief in the existence of probable cause." *Id. at* 920.

There is no allegation that the issuing judge wholly abandoned his detached and neutral role. Further, there is no evidence that law enforcement was dishonest in preparing the Affidavit. Defendant essentially argues that the lack of probable cause in the Affidavit renders it dishonest and misleading. However, as already discussed, the four corners of the Affidavit are sufficient to support probable cause. Defendant also argued at the evidentiary hearing that the Affidavit's reference to "a vacuum sealed storage bag" on the last page of the exhibit was meant to mislead the magistrate because the vacuum sealed storage bag was found at another person's residence mentioned in the Affidavit, not at the Defendant's. However, the paragraph Defendant mentions is merely a summation of all the findings in the Affidavit. The Affidavit is unambiguous as to what was found in the Defendant's garbage and what was found at other locations. As discussed above, these findings were sufficient to find probable cause to search Defendant's residence. Thus, for the reasons stated in the Findings and Recommendation, law enforcement acted in good-faith reliance on the warrant, and the *Leon* exception applies even if no probable cause exists.

## CONCLUSION

For the reasons discussed, the Findings and Recommendation will be adopted, and the Motion to Suppress will be denied.

IT IS ORDERED:

1. The Findings and Recommendation (Filing No. 28), are adopted in their entirety;

2. The Motion to Suppress (Filing No. 22) filed by the Defendant, Maximallian G. Kenny, is denied; and

3. The Defendant's Objection to the Findings and Recommendation (Filing No. 32) is overruled.

Dated this 14th day of August, 2015

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge